UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MITCHELL KLEIN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-547** |
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY** | **SECTION: "P" (5)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand (R. Doc. 6) filed by Plaintiffs, Mitchell Klein and Valerie Coffin. Defendant, Liberty Mutual Fire Insurance Company ("Liberty"), opposes the motion.[1] For the following reasons, the Motion to Remand is **DENIED**.

### I. BACKGROUND

This action arises out of alleged, hurricane-related damages to Plaintiffs' residential property sustained on or about August 29, 2021.[2] Plaintiffs originally filed this lawsuit in the Civil District Court for the Parish of Orleans on August 25, 2023, alleging that the property damage is covered under an insurance policy issued by Liberty, that Liberty failed to timely tender proceeds owed under the policy, and that Liberty's failure to do so was in bad faith.[3] Plaintiffs further alleged that Liberty is liable for contractual damages owed under the policy, as well as bad faith penalties and attorneys' fees under La. R.S. §§ 22:1892 and 22:1973.[4]

Liberty removed the action to this Court on March 4, 2024, on the basis that this Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional

---

[1] R. Doc. 8.
[2] R. Doc. 1-2.
[3] *Id.*
[4] *Id.*

threshold of $75,000.00.[5] Liberty further averred that, on the face of Plaintiffs' Petition, the case was not removable because the claims alleged did not exceed the jurisdictional threshold,[6] but on February 5, 2024, Plaintiffs provided Liberty with an estimate ("the Juno Estimate"), which indicated for the first time that the contractual amount in controversy is at least $50,939.40.[7] From this estimate, and taking into consideration the additional statutory penalties and attorneys' fees Plaintiffs seek pursuant to La. R.S. §§ 22:1892 and 22:1973, Liberty was able to determine that the total amount in controversy exceeds $75,000.00.[8] Liberty concluded that its removal was timely under 28 U.S.C. § 1446(b) because the action was removed within 30 days after it received the Juno Estimate.

Plaintiffs filed the instant Motion to Remand on April 3, 2024.[9] Attached to Plaintiffs motion is a "Binding Affidavit," dated April 2, 2024, wherein Plaintiffs stipulate that the amount in controversy does not exceed $75,000.00, and Plaintiffs "agree not to seek, enforce, or collect a judgment in which more than $75,000.00, inclusive of statutory penalties and attorney fees, but exclusive of interests and costs, is awarded."[10] To that end, Plaintiffs seek remand back to state court, arguing that the amount in controversy as stipulated by Plaintiffs is insufficient for federal jurisdiction.[11]

---

[5] R. Doc. 1 at 2.
[6] R. Doc. 1 at 3, ¶ 11.
[7] R. Doc. 1 at 3, ¶ 12. Liberty calculated the contractual amount in controversy by taking the Juno Estimate's total Replacement Cost Value ($60,229.72) and reducing it by Liberty's prior payments to Plaintiffs ($3,498.32) and Plaintiffs' deductible ($5,792.00). R. Doc. 1 at 5, ¶¶ 21–22.
[8] The penalty assessed under La. R.S. § 22:1973 is to be "an amount *not to exceed two times the damages sustained or five thousand dollars, whichever is greater*." R. Doc. 1 at 5, ¶ 25 (citing La. R.S. § 22:973(C)) (emphasis added). And the penalty assessed under La. R.S. § 22:1892 is *fifty percent of the difference between the amount paid and the amount found to be due, as well as attorneys' fees*. R. Doc. 1 at 5–6, ¶ 25 (citing La. R.S. § 22:1892(B)(1)) (emphasis added). Although Liberty denies Plaintiffs' allegation that it is liable for bad faith penalties and attorneys' fees, Liberty contends these amounts are nevertheless included in the determination of the amount in controversy for purposes of assessing diversity jurisdiction. *See* R. Doc. 1 at 5, ¶ 24.
[9] R. Doc. 6.
[10] *Id.*; *see also* R. Doc. 6-2.
[11] R. Doc. 6 at 2; R. Doc. 6-1 at 2.

## II.  LAW AND ANALYSIS

Generally, a defendant may remove an action from state court to federal court if the federal court has original jurisdiction over the action.[12] Federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.[13] The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand.[14]

Here, there is no question that this action is between citizens of different states.[15] Instead, relying on their "Binding Affidavit," Plaintiffs argue the Court lacks subject matter jurisdiction over this action because the amount in controversy requirement is not satisfied. Plaintiffs challenge the propriety of removal on this basis.

When the sufficiency of the amount in controversy is in dispute and the plaintiff did not demand a specific amount of damages in the state court pleading, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds the $75,000.00 threshold.[16] The removing party may meet that burden "either by demonstrating the claims are likely above $75,000.00 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount."[17] The jurisdictional facts supporting removal must be judged "at the time of removal."[18] "[P]ost-removal affidavits may be considered in determining the amount in controversy at the time of removal," but "such affidavits may be considered only if

---

[12] 28 U.S.C. § 1441(a).
[13] 28 U.S.C. § 1332(a)(1).
[14] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[15] Plaintiffs are domiciled in Louisiana, while Liberty is a corporation incorporated in Wisconsin and with its principal place of business in Massachusetts. *See* R. Doc. 1 at 4, ¶¶ 16–17; *see also* R. Doc. 6-1 at 2 (stating same and conceding diversity of citizenship exists).
[16] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).
[17] *Id.* at 882–83; *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).
[18] *Gebbia*, 233 F.3d at 883 (citing *Allen*, 63 F.3d at 1335).

the basis for removal is ambiguous at the time of removal."[19] Indeed, once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000.00 "generally do not divest the court of diversity jurisdiction."[20]

In opposition to Plaintiffs' remand motion, Liberty reiterates that the Juno Estimate revealed for the first time that the amount in controversy exceeded $75,000.00.[21] Liberty therefore contends that at the time of removal the jurisdictional threshold was satisfied.[22] Liberty notes that Plaintiffs' Petition did not include a stipulation, binding or otherwise, limiting the amount in controversy to $75,000.00 or below.[23] And while Liberty recognizes that federal courts may consider post-removal affidavits under limited circumstances, Liberty urges that such consideration is only appropriate if the amount in controversy is ambiguous at the time of removal and only for purposes of determining the amount in controversy at the time of removal.[24] Liberty insists the amount in controversy in this action was not ambiguous at the time of removal and, as such, Plaintiffs' post-removal affidavit should not be considered as a basis for remand.[25] Plaintiffs did not respond to Liberty's arguments.

The Court finds that Liberty met its burden of proof to show that at the time of removal the amount in controversy exceeded $75,000.00. Accordingly, removal was proper, and the Court has subject matter jurisdiction over this case. The Court's conclusion that the amount in controversy exceeded $75,000.00 at the time of removal is supported by the contractual damage amount

---

[19] *Id.*
[20] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)); *see also De Aguilar v. Boeing Co.* 47 F.3d 1404, 1412 (5th Cir. 1995) ("[L]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.").
[21] R. Doc. 8 at 2.
[22] *Id.*
[23] *Id.*
[24] *Id.* at 3
[25] *Id.*

evidenced in the Juno Estimate[26] combined with Plaintiffs' additional claims for bad faith statutory penalties and attorneys' fees under La. R.S. § 22:1892 and § 22:1973.[27] The Court also finds that it is not ambiguous whether the jurisdictional threshold for the amount in controversy was satisfied at the time of removal. Accordingly, the Court need not consider Plaintiffs' post-removal, "Binding Affidavit" to determine the amount in controversy at the time of removal.[28] And lastly, because the Court's jurisdiction was established and attached at the time of removal, Plaintiffs' post-removal stipulation reducing the amount recoverable does not divest this Court of jurisdiction.[29]

### III. CONCLUSION

For the reasons stated above, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The action is between citizens of different states, and the amount in controversy at the time of removal exceeded the jurisdictional minimum of $75,000.00. Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Remand (R. Doc. 6) is **DENIED**.

New Orleans, Louisiana, this 23rd day of May 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[26] *See supra* note 7 and accompanying text.
[27] *See supra* note 8.
[28] *Gebbia*, 233 F.3d at 883 ("While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal.").
[29] *Id.* at 883; *St. Paul Mercury Indem. Co.*, 303 U.S. at 293.